FRUGÉ, Judge.
This is an expropriation suit filed by Monterey Pipeline Company against William L. Dejean. Judgment was rendered in favor of plaintiff granting the pipeline company a right-of-way over the property belonging to Dejean. The judgment ordered just compensation fixed in the amount of $502.00. The pipeline company was cast for all costs. Dejean has perfected a devolutive appeal and the pipeline company has answered. We reverse in part and affirm in part.
The petition was filed on September 10, 1973. Personal service thereof, together with the Order and Notice of Trial, was served on defendant that day. Dejean filed an answer and a reconventional demand on September 26, 1973, 16 days after service of process. The pipeline company filed an answer to the reconventional demand and .peremptory exceptions of no cause and/or no right of action leveled at the reconventional demand. These exceptions were referred to the merits. The trial court sustained appellee’s exception of no cause of action against the reconven- *468 tional demand on the basis that it came too late under LSA-R.S. 19:7.
LSA-R.S. 19:6 provides that the defendant shall file an answer within 15 days after service of the notice of the time fixed for trial. Section 7 of Title XIX provides that the failure of defendant to file his answer timely constitutes a waiver of all defenses to the suit except claims for money as compensation and for damages.
The appellant assigns as error the refusal of the trial court to consider the reconventional demand. The appellant contends that under Article 1061 of the LSA-C.C.P. the reconventional demand should have been heard with the principal demand. Article 1061 states in pertinent part:
“The defendant in the principal action ■may assert in a reconventional demand any action which he may have had against the plaintiff in the principal action, . . . .”
The appellant asserts he is entitled to bring a reconventional demand against the original plaintiff despite the provisions of LSA-R.S. 19:7.
An examination of the provisions of Title XIX, dealing with expropriation, reveals no prohibition against joining another action with a suit for expropriation. Dejean has asserted in his reconventional demand that he is entitled to a specific performance of an agreement reached for the payment of compensation and damages for the right-of-way sought to be expropriated by plaintiff. This is a separate cause of action under the facts alleged. Section 7 of Title XIX states merely that the failure to timely file an answer constitutes a waiver of all defenses to the suit for expropriation. It does not deal with, nor does any other part of the chapter purport to deal with, a separate cause of action sought to be asserted by reconventional demand against a plaintiff in an expropriation suit. The trial court erroneously refused to consider the reconventional demand.
Although the trial court did not consider the reconventional demand, it referred the exception to the merits and heard evidence on the reconventional demand. On this basis, we will proceed to adjudicate that matter. Dejean asserts that he is entitled to specific performance of an agreement reached between him and the pipeline company upon the purchase of a right-of-way across his property for the sum of $6,080. The pipeline company asserts that no binding contract was ever reached between the parties as there was no acceptance of the pipeline’s offer, and the purported counter offer of Dejean contained an error in the principal cause of the contract vitiating the consent.
The evidence indicates that the pipeline company, by way of its attorney, made a final offer seeking to' acquire a right-of-way across Dejean’s property. The offer was made with the avowed purpose of avoiding unnecessary litigation and threatened resort to legal process if the offer was not accepted within seven days. The offer was made in the sum of $3,800 for the right-of-way itself, and an additional amount of $2,208 for construction damages, for a total of $6,080. The letter states that the amount was computed on an acreage basis. On August 20, 1973, Dejean’s attorney telephoned the attorneys representing the pipeline company and negotiated an agreement based on the letter of August 2, 1973. A telegram was sent later that day confirming the telephone conversation and acceptance of the offer as per the letter of August 2nd, together with a most-favored nation’s clause. On August 22, 1973, the attorney for Monterey Pipeline Company replied by letter stating that Dejean had accepted the company’s offer of $25 per rod for the right-of-way and $15 per rod for construction damages. On August 28, 1973, the pipeline company claimed it made a mathematical error in computing the consideration for the right-of-way and construction damages based on the $25 per rod and $15 per rod figures. Dejean’s attorney replied by letter that he understood the agreement to be different, namely that it *469 conform with the letter of August 2, 1973. This suit was filed on December 10th.
The pipeline company contends that no binding contract was ever entered into since its offer of August 2, 1973, was revoked by its own terms. From the - evidence, however, it is clear that the pipeline company considered the offer open on August 20th as per its reply in the letter of August 22nd. It is also contended that there was no acceptance of an offer on August 20th, since Dejean requested a most-favored nation’s clause. As evidenced by the written telegram, the most-favored nation’s clause had also been included in the August 20th agreement.
Under these facts, negotiations between the pipeline company and Dejean constitute a compromise. LSA-C.C. Art. 3071 states a compromise is agreement between two or more persons for preventing or putting an end to a lawsuit. It requires that the contract be reduced to writing. We believe the fact, that the offer of August 2, 1973, was made through the attorney for the pipeline company informing Dejean that suit would be necessary if the acceptance of this offer was not forthcoming, indicates that the subsequent negotiations concerning the letter of August 2nd effected a compromise between the parties for the sum indicated in the letter. The compromise is enforceable here due to the fact that the telegram of August 20, 1973, evidences the fact that the offer of the company was accepted as per the letter of August 2nd, together with a most-favored nation’s clause.
The pipeline company contends that it was in error when it computed the amount of compensation for the right-of-way and damages.- This error is said to be the principal cause of the contract. Therefore, the contract is said to be void. We find, however, that the company was not in error under the terms of the letter of August 2, 1973. The sum was computed on an acreage basis, not on dollars per rod. Although the subsequent letter of August 22nd, states that the offer was dn.the basis of rods, it contains no mention of a total amount being paid. The letter of August 2nd, however, does contain reference to the total amount. There is no mention of a dollar per rod computation, merely a flat sum is offered for the purchase of a right-of-way and construction damages. This is the sole criterion upon which this offer is based. We believe the offer and acceptance of the compromise was completed on August 20th, that a binding contract between the parties was entered into at that time.
For the reasons assigned, the judgment of the trial court is reversed insofar as it failed to consider the reconventional demand of defendant and that just compensation in the sum of $6,080 be paid to the defendant. This judgment is subject to credit for amount deposited into the registry of the court previously. In all other respects, the judgment of the trial court is affirmed. All costs of these proceedings are to be paid by the pipeline company.
Reversed in part; affirmed in part.